UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM SABATH, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>11578243 CANADA, INC. d/b/a BLACKOXYGEN ORGANICS and BLACKOXYGEN ORGANICS USA, INC.,<br><br>    Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff William Sabath ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendants 11578243 Canada, Inc. d/b/a BlackOxygen Organics and BlackOxygen Organics, USA, Inc. (collectively "BlackOxygen") for the manufacture, marketing, and sale of BlackOxygen branded nutritional supplements. Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

**NATURE OF ACTION**

1.      This case involves the marketing and sale of BlackOxygen branded nutritional supplements (the "Products"). The Products were specifically marketed for use by adults, children, and pregnant or nursing women. The Products contains unsafe levels of toxic heavy metals that render them unsafe and unfit for their intended use. Plaintiff and each proposed class member are purchasers of the products.

1

## PARTIES

2. Plaintiff William Sabath is, and at all times relevant to this action has been, a resident of Brooklyn, New York and a domiciliary of New York. In April 2021, Mr. Sabath purchased the Product from a distributor located in New York. Mr. Sabath purchased the Product because he believed it was fit for use as a nutritional supplement. However, the Product Mr. Sabath purchased was not fit as a nutritional supplement due to its dangerous nature. Mr. Sabath would not have purchased the Product or would have paid significantly less for the Product had he known that the Product was unfit to perform its intended purpose.

3. Mr. Sabath reviewed the Product's packaging and representations prior to purchase, and expressly relied on Defendants' representations and warranties in deciding whether to purchase the Product. Defendants disclosed on the packaging that the Product was a food supplement and described features typical of nutritional supplements. However, Defendants did not disclose the Products' dangerous nature. Had Defendants disclosed the presence of the dangerous adulterants, Mr. Sabath would not have purchased the Product, because the dangerous nature of what he was purchasing would have been material to him, or at the very least, he would have purchased the Product at a substantially reduced price.

4. 11578243 Canada, Inc. d/b/a BlackOxygen Organics ("11578243 Canada") is a Canadian corporation with its principal place of business in Ontario, Canada. At all times relevant to this Complaint, 11578243 Canada was a direct sales, multi-level marketing company that manufactured, distributed, marketed, and sold the products at issue in this action.

5. BlackOxygen Organics, USA, Inc. ("BlackOxygen Organics, USA") is a Wyoming corporation with its principal place of business in Sheridan, Wyoming. At all times relevant to this Complaint, BlackOxygen Organics, USA was a wholly owned affiliate of 11578243 Canada. At all times relevant to this Complaint, BlackOxygen Organics USA was a

direct sales, multi-level marketing company that manufactured, distributed, marketed, and sold the Products in this action.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which at least one member of the Class is a citizen of a State different from the Defendant. The number of members of the proposed Class in aggregate exceeds 100 purchasers. 28 U.S.C. § 1332(d)(5)(B).

7. This Court has personal jurisdiction over Defendants because Defendants conduct substantial business within this District and a substantial portion of the events that gave rise to Plaintiff's claims occurred in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendants do substantial business in this District and a substantial part of the events giving rise to Plaintiff's claims took place within this District because Plaintiff purchased the Product and suffered injury in this District.

## COMMON FACTUAL ALLEGATIONS

9. BlackOxygen extracts mud from a bog that it claims is rich in fulvic acid.

10. BlackOxygen then dries the mud, processes it, and sells the resulting product in powder and pill form.

11. The specific products at issue in this action are BlackOxygen Tablets and BlackOxygen Powders:





12.     BlackOxygen markets the subject Products for consumption orally and/or absorption into the skin through baths, balms, masks, and douching.

13.     BlackOxygen tablets retail for $110 per box (40 tablets per box) while BlackOxygen powder retails for $110 per pouch.

14.     BlackOxygen claims that the Products have magical healing properties for a variety of ailments.

15.     The Products were specifically marketed for use by adults, children, and pregnant or nursing women.

16.     The Products offer no medical benefits to humans. Worse, the Products are dangerous for human use and consumption.

4

17. All BlackOxygen products are derived from mud that originates from Moose Creek Bog in Ontario, Canada.

18. As sold to consumers, the Products contain dangerously high levels of toxic heavy metals.[1]

19. The FDA recently sampled the Product at the Canadian border and found elevated levels of lead and arsenic.

20. In response to this sampling, on December 3, 2021 the FDA issued a "Public Health Alert to advise consumers of the hazards of using Black Oxygen's Fulvic Care Powder and Tablets or giving them to pets and recommends that consumers throw the products away."[2]

21. On September 23, 2021, the Canadian Food Inspection Agency (CFIA) conducted a recall of the Products based on their own evidence and concerns with Black Oxygen Organics products.[3]

22. Defendants know that their customers trust the quality of its products, and that their customers expect BlackOxygen products to have safe levels of heavy metals, if they are present at all.

23. Defendants affirmatively hold the Products out as possessing high quality organic ingredients free of harmful toxins, contaminants, or chemicals.

24. No reasonable consumer seeing Defendants' marketing would expect the Products to contain unsafe levels of toxic heavy metals. Furthermore, reasonable consumers, like Plaintiff,

---

[1] https://www.fda.gov/food/alerts-advisories-safety-information/fda-advises-consumers-not-use-fulvic-care-powder-and-tablets-black-oxygen-organics-due-elevated

[2] *Id.*

[3] https://recalls-rappels.canada.ca/en/alert-recall/blackoxygen-organics-recalls-fulvic-acid-tablets-and-powder-due-potential-health-risks

5

would consider the mere inclusion of unsafe levels of toxic heavy metals a material fact when considering whether to purchase the Products.

25.     As a matter of state and federal law, the presence of unsafe levels of toxic heavy metals makes the Products adulterated, unlawful, and worthless.

26.     Plaintiff and the class members were thus harmed by purchasing and/or consuming the Products, and Plaintiff and the class members are entitled to recover damages from Defendants.

## CLASS REPRESENTATION ALLEGATIONS

27.     Plaintiff seeks to represent a class defined as all persons in the New York who purchased the Products (the "Class").

28.     Subject to additional information obtained through further investigation and discovery, the above-described Class may be modified or narrowed as appropriate.

29.     At this time, Plaintiff does not know the exact number of members of the aforementioned Class ("Class Members").  However, given the size of Defendants' operations in the United States selling the Products, Plaintiff believes that Class Members are so numerous that joinder of all members is impracticable.

30.     There is a well-defined community of interest in the questions of law and fact involved in this case.  Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

    (a)     whether Defendants misrepresented and/or failed to disclose material facts concerning the Products;

    (b)     whether Defendants' conduct was unfair and/or deceptive;

6

  (c) whether Defendants have been unjustly enriched as a result of the unlawful conduct alleged in this Complaint such that it would be inequitable for Defendants to retain the benefits conferred upon Defendants by Plaintiff and the Class;

  (d) whether Plaintiff and the Class sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages; and

  (e) whether Defendants violated the New York General Business Law § 349 and § 350.

  31. Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, purchased, in a typical consumer setting, Defendants' Products, and Plaintiff sustained damage from Defendants' wrongful conduct.

  32. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Class.

  33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

  34. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendants. For example, one court might enjoin Defendants from performing the challenged acts, whereas another might not. In addition, individual actions could be dispositive of the interests of the Class even where certain Class Members are not parties to such actions.

**COUNT I**
**Violation Of New York General Business Law § 349**

35. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

36. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

37. New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

38. In their sale of goods throughout the State of New York, Defendants conduct business and trade within the meaning and intendment of New York's General Business Law § 349.

39. Plaintiff and members of the Class are consumers who purchased the Products from Defendants for their personal use.

40. By the acts and conduct alleged herein, Defendants engaged in deceptive, unfair, and misleading acts and practices, which include, without limitation, failing to disclose that the Products were unsafe, which made them unsuitable and unusable for their intended purpose.

41. Defendants intentionally concealed and omitted material facts regarding the true nature of the Products.

42. The foregoing deceptive acts and practices were directed at consumers.

43. The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics and quality of the Products to induce consumers to purchase the same.

44. By reason of this conduct, Defendants engaged in deceptive conduct in violation of New York's General Business Law.

45. Defendants' actions are the direct, foreseeable, and proximate cause of the damages that Plaintiff and members of the Class have sustained from having paid for and used Defendants' products.

46. As a result of Defendants' violations, Plaintiff and members of the Class have suffered damages because: (a) they would not have purchased the Products on the same terms, if at all, if they knew that the Products had the Defect; and (b) the Products do not have the characteristics, uses, benefits, or qualities as promised.

47. On behalf of himself and other members of the Class, Plaintiff seeks to recover their actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT II
### Violation Of New York General Business Law § 350

48. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

49. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

50. New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

51. Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect."

52. Based on the foregoing, Defendants engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of New York's General Business Law.

53. Defendants' false, misleading, and deceptive representations and omissions of fact about the Product were and are directed towards consumers.

54. Defendants' false, misleading, and deceptive representations and omissions were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

55. Defendants' false, misleading, and deceptive representations and omissions have resulted in consumer injury or harm to the public interest.

56. As a result of Defendants' false, misleading, and deceptive statements and representations of fact, and omissions, Plaintiff and the Class have suffered and continue to suffer economic injury.

57. As a result of Defendants' violations, Plaintiff and members of the Class have suffered damages because: (a) they would not have purchased the Products on the same terms, if at all, if they knew that the Products had the Defect; and (b) the Products do not have the characteristics, uses, benefits, or qualities as promised.

58. On behalf of himself and other members of the Class, Plaintiff seeks to recover actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## COUNT III
**Fraudulent Omission**

59. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

60. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

61. This claim is based on fraudulent omissions concerning the utility of the Products. As discussed above, Defendants failed to disclose the dangerous nature of the Products.

62. The false and misleading omissions were made with knowledge of their falsehood.  Defendants are retailers who knew of reports of the Products' dangerous nature.  Nonetheless, Defendants continued to sell their Products to unsuspecting consumers.

63. The false and misleading omissions were made by Defendants, upon which Plaintiff and members of the proposed Class reasonably and justifiably relied and were intended to induce and actually induced Plaintiff and members of the proposed Class to purchase the Products.

64. The fraudulent actions of Defendants caused damage to Plaintiff and members of the proposed Class, who are entitled to damages and punitive damages.

## COUNT IV
## Unjust Enrichment

65. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

66. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

67. Plaintiff and members of the Class conferred benefits on Defendants by purchasing the Products.

68. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff's and Class Members' purchases of the Products.  Retention of those moneys under these circumstances is unjust and inequitable because Defendants failed to disclose that the Products were unfit for use.  These omissions caused injuries to Plaintiff and members of the Class because they would not have purchased the Products if the true facts were known.

69. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to Plaintiff and members of the Class for their unjust enrichment, as ordered by the Court.

## COUNT V
### Breach of Implied Warranty

70. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

71. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

72. Defendants, as the designers, manufacturers, marketers, distributors, and/or sellers of the Products, impliedly warranted that the Products were fit for their ordinary purpose.

73. Defendants breached the warranty implied in the contract for the sale of the defective Products because they could not pass without objection in the trade under the contract description, the Products were not of fair or average quality within their description, and the Products were unfit for their intended and ordinary purpose because the Products manufactured by Defendants were defective in that they contained dangerous adulterants, and as such are not generally recognized as fit for consumer use. As a result, Plaintiff and members of the Class did not receive the goods as impliedly warranted by Defendants to be merchantable.

74. Plaintiff and members of the Class purchased the Products in reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose of nutritional supplements.

75. The Products were not altered by Plaintiff or members of the Class.

76. The Products were defective when they left the exclusive control of Defendants.

77. Defendants knew that the Products would be purchased and used without additional testing by Plaintiff and members of the Class.

78. The Products were defectively manufactured and unfit for their intended purpose, and Plaintiff and members of the Class did not receive the goods as warranted.

79. Defendants were in vertical privity with Plaintiff and members of the Class because they sold the Products directly to consumers nationwide.

80. As a direct and proximate cause of Defendants' breach of the implied warranty, Plaintiff and members of the Class have been injured and harmed because: (a) they would not have purchased the Products on the same terms if they knew that the Products contained the dangerous adulterants, making them unfit for consumer use; and (b) the Products do not have the characteristics, uses, or benefits as promised by Defendants.

## COUNT VI
### Violation Of The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*

81. Plaintiff incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

82. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

83. The Products are a consumer product as defined in 15 U.S.C. § 2301(1).

84. Plaintiff and the Class Members are consumers as defined in 15 U.S.C. § 2301(3).

85. Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and (5).

86. In connection with the marketing and sale of the Products, Defendants impliedly warranted that the Products were fit for use as a nutritional supplement. The Products were not

fit for use as a nutritional supplement due to the dangerous adulterants described in the allegations above.

87. By reason of Defendants' breach of warranties, Defendants violated the statutory rights due Plaintiff and members of the Class pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiff and members of the Class.

88. Plaintiff and members of the Class were injured as a direct and proximate result of Defendants' breach because they would not have purchased the Products if they knew the truth about the defective nature of the Product.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring the Defendants' conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(e) An award of statutory penalties to the extent available;

(f) For pre-judgment interest on all amounts awarded;

(g) For all appropriate injunctive relief;

(h)     For an order of restitution and all other forms of monetary relief;

(i)     For an order awarding attorneys' fees, costs and expenses to Plaintiff and the Class.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b)(1), Plaintiff demands a trial by jury of all issues so triable.

Dated: January 5, 2022            Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:    */s/ Julian C. Diamond*
        Julian C. Diamond

Julian C. Diamond
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7011
Facsimile: (212) 989-9163
Email: jdiamond@bursor.com

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (*Pro Hac Vice forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

*Attorneys for Plaintiff*